*Robert D. Kline, J.D.*

*v.*

*Northcentral University, Inc. and George Burnett*


Notice of Removal


**Exhibit A**

Robert D. Kline, J. D.     ) IN THE COURT OF COMMON
              ) PLEAS, MIFFLIN CO, PA
   PLAINTIFF      ) CIVIL ACTION - LAW
              ) NO. CV – 908 -  2018
   V.          )
              )
Northcentral University, Inc., &   )
George Burnett       )
              )
   DEFENDANTS     )

2019 JAN 16   AM 11: 3    SUPERIOR COURT CIVIL DIVISION   MIFFLIN COUNTY, PA

## PLAINTIFF'S COMPLAINT

PLAINTIFF

Robert D. Kline
2256 Fairview Road
McClure, PA 17841
570-658-3448

DEFENDANTS

Northcentral University, Inc. c/o
David Harpol
2488 Historic Decatur Rd. Ste. 100
San Diego, CA 92106

George Burnett
2488 Historic Decatur Rd. Ste. 100
San Diego, CA 92106

Robert D. Kline, J. D.                )   IN THE COURT OF COMMON
                                       )   PLEAS, MIFFLIN CO, PA
        PLAINTIFF                      )   CIVIL ACTION - LAW
                                       )   NO. CV – 908 - 2018
        V.                             )
                                       )
Northcentral University, Inc., &       )
George Burnett                         )
                                       )
        DEFENDANTS                     )

## NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

MIDPENN LEGAL SERVICES
3 WEST MONUMENT SQAURE, SUITE 303
LEWISTOWN, PA 17044
(717) 248-3099

Robert D. Kline, J. D.

      PLAINTIFF

        V.

Northcentral University, Inc., &
George Burnett

      DEFENDANTS

          IN THE COURT OF COMMON
          PLEAS, MIFFLIN CO, PA
          CIVIL ACTION - LAW
          NO. CV – 908 -  2018

## PLAINTIFF'S COMPLAINT

### FACTS COMMON TO ALL COUNTS

1. Plaintiff, **Robert D. Kline**, is an adult individual who for all times relevant herein has a residence at 2256 Fairview Road, McClure, PA 17841.

2. Plaintiff, upon information and belief, hereby alleges that for all times mentioned herein Defendant **Northcentral University, Inc. (Northcentral),** is a for profit university that was served with original process via certified first class mail, which they refused, and was subsequently served via regular mail at Northcentral University, Inc. c/o, David Harpol, 2488 Historic Decatur Rd., Ste. 100, San Diego, CA 92106 which was not returned to the Plaintiff.

3. Plaintiff, upon information and belief, hereby alleges that for all times mentioned herein Defendant **George Burnett (Burnett),** is president of Defendant Northcentral and was served with original process via certified first class mail, which he refused, and subsequently served via regular mail at 2488 Historic Decatur Rd., Ste. 100, San Diego, CA 92106, which was not returned to

Plaintiff.

4. Plaintiff, upon information and belief, hereby alleges that at all times mentioned herein that Northcentral, is a "person" as defined by 47 U. S. C. §153(39).

5. Plaintiff, upon information and belief, hereby alleges that Defendants are in the business of illegal telemarketing sales of university studies and career guidance by using special electronic telemarketing equipment in concert with various marketing companies to call phones of prospective customers.

6. Plaintiff, upon information and belief, hereby alleges that such activities are done by Defendants as further described herein and are in violation of 47 U.S.C. 227 et seq. which is commonly known as the Telephone Consumer Protection Act ("TCPA").

7. All initial phone calls placed by Defendants, their agents, subcontractors or employees to Plaintiff utilized an "automatic telephone dialing system" ("ATDS") as defined by 47 U.S.C. §227 (a)(1).

8. Plaintiff avers that more specifically Defendants and/or their agents use ("ATDS") type equipment to do telemarketing which has the capacity—(1) to store numbers to be called or (2) to produce numbers to be called, using a random or sequential number generator—and to dial such numbers automatically (even if the system must be turned on or triggered by a person) which enables them to make automatic calls to potential clients.

9. The phone calls placed by Defendants and/or their agents, subcontractors, employees to Plaintiff's cell phone as well as subsequent phone calls to Plaintiff

utilized an ("ATDS") as described above.

10. Plaintiff avers that Defendants' ATDS equipment, when used to call a prospect, causes various electronic blip noises as well as "dead air" prior to an agent answering.

11.   Plaintiff believes and therefore avers that during the calls that Defendants made to him he heard background noises of many people talking which are manifest of what is called a "boiler room" type operation which telemarketers often use.

12. Plaintiff avers that, since Defendant Burnett uses and supports agents and employees which regularly use illegal phone solicitation via ATDS machines which he knows or should know is done without permission of the person called, he has knowingly and willfully violated the TCPA.

13. Plaintiff believes and therefore avers since Defendant Burnett knowingly engaged in the illegal calling activities described herein, either directly or vicariously, such activities are therefore ultra vires and he is not protected by the corporate veil of Defendant Northcentral.

14. Plaintiff believes and therefore avers that, given the averments pleaded above, Burnett is liable in his individual capacity as well as vicariously liable all the illegal actions of his agents and employees who violate the TCPA in his organization.

15. Plaintiff avers that he is not and was not a customer of the Defendants prior to the phone calls described herein. Plaintiff further avers that he has never given his expressed written permission for Defendants or their agents to call him

any time prior to the filing of this Complaint.

16.    When Congress enacted the TCPA, they found, inter alia, that automated calls and prerecorded messages are a "nuisance," and an "invasion of privacy," and that the phone subscriber may have to pay for each call.

17.  Plaintiff avers that the TCPA legislation was enacted to suppress illegal telemarketing calls that are like the calls that are described herein as well as punish those who make them by allowing a private right of action that provides a statutory fine for the benefit of those affected.

18. Defendants or their agent's phone calls constitute calls that were not for emergency purposes as illuminated in 47 U.S.C. §227 et seq. and were not made under any enumerated exception provided in the TCPA

19. The phone calls described herein which were generated by Defendants and/or their agents to Plaintiff specifically violated 47 U. S. C. §227(b)(1)(A)(iii) and are an ATDS calls.

COUNT I - VIOLATION OF  47 U.S.C. 227 et seq.

20.  Plaintiff incorporates by reference each preceding and succeeding paragraph as though fully set forth herein.

21.    On August 6, 2018 at 9:15 AM Eastern Standard Time, Plaintiff answered his cell phone (570-658-3448) and received a call from a lady who identified herself as Trish of Helping Hands Association and asked him questions about educational goals and occupations.

22.  Since there was "dead air" prior to the agent answering, Plaintiff asked Trish, multiple times, if someone had called before on behalf of her company

using automatic telephone dialing equipment or if she called using automatic telephone dialing equipment and she evaded the question and kept talking about educational opportunities.

23.  At approximately 9:29 PM Trish transferred Plaintiff to Tiffany who asked more questions relating to education and occupations and said someone would call.

24.  During the phone call with Tiffany she said her number was 320-584-2253, that she was calling from Redbank, NJ and about 9:35 AM the call ended.

25.  On August, 2018 at 12:09 PM and agent with the name of Aaron called Plaintiff from  Defendant Northcentral, but he did not know the mailing address when asked, but he said it was in response to a previous call earlier in the morning.

26.  Plaintiff declined to accept any services or offers that were provided by Aaron, however, Defendant Northcentral called again as explained in the next paragraph.

27.  On August 8, 2018 at 8:38 AM Shawn of Defendant Northcentral called Plaintiff on his cell phone to again discuss educational opportunities and offer Plaintiff services, however, Plaintiff told him he was not interested and hung up the phone.

28.  Said call described in Paragraphs (21) and (22) above was an ATDS call made without Plaintiff's expressed written permission to his cell phone with no means of registering for the company do not call list as required by law.

29.  Plaintiff has suffered injury in fact under Article III of the U. S.

Constitution because the call of the Defendants and their agents caused him to have to stop what he was doing and to investigate a nuisance call as well as caused depletion of the battery life of his cell phone for the illegal, unwanted calls.

30.  Since calling the Plaintiff as described under Count I was made without written expressed permission of Plaintiff and was a telemarketing/ATDS call, Defendants have violated 47 U.S.C. 227 et seq. which entitles the Plaintiff to statutory damages of $500.00.

31. Plaintiff believes and therefore avers that Defendants work in concert and have a direct relationship with various lead generating organizations other sophisticated businesses organizations all of which "knowingly and willfully" engage in phone calling practices which are in violation of 47 U.S.C. 227 et seq.

32.  Since the call referenced herein this Count I was made knowingly and willfully Plaintiff is therefore entitled to damages of $1500.00 as provided by the TCPA.

WHEREFORE, PLAINTIFF demands judgment against Defendant in the amount of One Thousand Five Hundred Dollars ($1500.00) plus the costs of this action.

COUNT II - TRESPASS TO CHATTELS

33.  Plaintiff incorporates by reference each preceding and succeeding paragraph as though fully set forth herein.

34.  Plaintiff, not Defendants, pays money to AT&T for the cell phone and the service they provide as well as the various calls he makes or receives ("his

calling plan") and, therefore, his calling plan and his phone for all purposes herein are his personal property.

35. The phone calls which are identified and described in Count I herein were made illegally by or through Defendants to Plaintiff and were unwanted and unsolicited by Plaintiff causing wear of the cell phone battery that affects the memory of Plaintiff's phone which causes him injury in fact.

36. Since said phone service described herein is for all purposes Plaintiff's personal property to use as he sees fit and Defendants' call to Plaintiff was made without his permission, the Defendants are liable for trespass to chattels.

37. Since Plaintiff has had his property damaged by Defendants, he is entitled to seek money damages from Defendants in the amount of One Dollar ($1.00).

WHEREFORE, PLAINTIFF demands judgment against Defendants in the amount of One Dollar ($1.00) plus the costs of this action.

## COUNT III - INVASION OF PRIVACY/SECLUSION

38. All preceding and succeeding paragraphs are hereby incorporated as though fully pleaded herein.

39. Plaintiff avers that Defendants, in their quest to make money in their campaign, do not use "scrubbed" lists of phone numbers which are free from cell phone numbers and also call phone numbers that are listed on the federal "Do Not Call" registry.

40. Plaintiff avers that Defendants are a sophisticated telemarketing organization that acts volitionally, plays the odds, which is an outrageous

business practice in considering the intent of the TCPA, as well as ignores the rights of the Plaintiff and others.

41.   Given all the averments pleaded in this suit thus far, Plaintiff considers the methods of conducting business and actions of the Defendants that are described herein to be outrageous and highly offensive that caused the Plaintiff anxiety, mental distress as well as loss of joy of life which constitutes further injury in fact.

42. Defendants, by intentionally engaging in the illegal behaviors described herein, especially in light the specific legislation enacted by Congress, have thereby manifested intentional, wanton, reckless conduct that exceeds the limits of gross negligence which would absolutely be highly offensive to a reasonable person and constitutes invasion of privacy which U.S. Congress has affirmed violates the intent of the TCPA.

43.   The U. S. Federal Third Circuit Court of Appeals has determined that telemarketing calls as described herein, inter alia, constitute intrusion into seclusion.

WHEREFORE Plaintiff demands judgment against Defendants in the amount of Fifteen Thousand Dollars $15,000.00 plus the costs of this action.

Respectfully submitted,

Robert D. Kline, J. D.
2256 Fairview Road
McClure, PA 17841
Plaintiff pro se
570-658-3448

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provision of the Public Access Policy of the Unified Judicial System of Pennsylvania; Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents

By:_____
    Robert D. Kline - Plaintiff
    2256 Fairview Road
    McClure, PA 17841
    570-658-3448

January 16, 2019

## VERIFICATION

The undersigned verifies that the statements he made in the foregoing Plaintiff's Complaint are true and correct to the best of his knowledge, information and belief and I understand that statements made there are subject penalties of 18 Pa. C. S. A. § 4904 relating to unsworn falsification to authorities.

Robert D. Kline, J. D. - Plaintiff
2256 Fairview Road
McClure, PA 17841
570-658-3448

January 16, 2019

---------------------------------------------------------------------------------

## CERTIFICATE OF SERVICE

On January 16, 2019 the Plaintiff has caused a copy of Plaintiff's Complaint to be served by regular mail postage prepaid on the defendants listed below addressed as follows:

Northcentral University, Inc. c/o
David Harpol
2488 Historic Decatur Rd. Ste. 100
San Diego, CA 92106

George Burnett
2488 Historic Decatur Rd., Ste. 100
San Diego, CA 92106

Robert D. Kline, J. D. - Plaintiff
2256 Fairview Road
McClure, PA 17841
Telephone 570-658-3448

*Robert D. Kline, J.D.*

*v.*

*Northcentral University, Inc. and George Burnett*

Notice of Removal

**Exhibit B**

Case 1:19-cv-00281-SHR-WIA  Document 1-2  Filed 02/18/19  Page 15 of 18

Case No 2018-00908
KLINE ROBERT D JD (VS) NORTHCENTRAL UNIVERSITY INC

Date
Filed

- - - - - - - - - - - FIRST ENTRY - - - - - - - - - - - - -

1  8/08/18  PRAECIPE FOR WRIT OF SUMMONS FILED
             WRIT ISSUED AND COPIES HANDED BACK TO ROBERT D KLINE
- - - - - - - - - - - - - - - - - - - - - - - - - - - -
2  8/08/18  CERTIFICATE OF COMPLIANCE FILED
- - - - - - - - - - - - - - - - - - - - - - - - - - - -
3  1/16/19  NOTICE TO DEFEND AND CLAIM RIGHTS FILED BY ROBERT KLINE
             COPIES HANDED BACK TO ROBERT KLINE
- - - - - - - - - - - - - - - - - - - - - - - - - - - -
4  1/16/19  COMPLAINT FILED BY ROBERT KLINE
             COPIES HANDED BACK TO ROBERT KLINE FOR SERVICE
- - - - - - - - - - - - - - - - - - - - - - - - - - - -
5  1/16/19  CERTIFICATE OF COMPLIANCE FILED BY ROBERT KLINE
             COPIES HANDED BACK TO ROBERT KLINE
- - - - - - - - - - - - - - - - - - - - - - - - - - - -
6  1/16/19  CERTIFICATE OF SERVICE FILED BY ROBERT KLINE
             COPIES HANDED BACK TO ROBERT KLINE
- - - - - - - - - - - - - - - - - - - - - - - - - - - -
7  2/11/19  IMPORTANT NOTICE FILED
             COPIES HANDED BACK TO ROBBERT D KLINE
- - - - - - - - - - - - - - - - - - - - - - - - - - - -
8  2/11/19  CERTIFICATE OF COMPLIANCE FILED
             CERTIFICATE OF SERVICE FILED
             COPIES HANDED BACK TO ROBERT D KLINE

- - - - - - - - - - - - LAST ENTRY - - - - - - - - - - - -

*Robert D. Kline, J.D.*

*v.*

*Northcentral University, Inc. and George Burnett*

Notice of Removal

**Exhibit C**

```
_____       :
                                   :
ROBERT D. KLINE, J.D.,             :
                                   :
              Plaintiff,           :   IN   THE   COURT   OF   COMMON
         v.                        :   PLEAS, MIFFLIN COUNTY, PA
                                   :
NORTHCENTRAL UNIVERSITY, INC. and  :   CIVIL ACTION NO. CV-908-2018
GEORGE BURNETT,                    :
              Defendants.          :
                                   :
_____       :
```

## NOTICE OF FILING OF NOTICE OF REMOVAL

Defendants Northcentral University, Inc. and George Burnett hereby give notice that, by the filing of a Notice of Removal (a copy of which is attached hereto as Exhibit A) on February 18, 2019 in the United States District Court for the Middle District of Pennsylvania, it is removing this case from this Court to said district court pursuant to 28 U.S.C. § 1446.

Dated: February 18, 2019

Respectfully submitted,

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: _____
Cory E. Ridenour, Esq. (PA ID 311974)
One PPG Place, Suite 1900
Pittsburgh, PA 15222
Telephone: 412.394.3389
Fax: 412.232.1799

*Counsel for Defendants*
*Northcentral University, Inc.*
*and George Burnett*

| | |
|---|---|
| ROBERT D. KLINE, J.D., | : |
| | : |
| Plaintiff, | :   IN THE COURT OF COMMON |
| v. | :   PLEAS, MIFFLIN COUNTY, PA |
| | : |
| NORTHCENTRAL UNIVERSITY, INC. and | :   CIVIL ACTION NO. CV-908-2018 |
| GEORGE BURNETT, | : |
| Defendants. | : |
| | : |

## <u>CERTIFICAT E OF SERVICE</u>

I hereby certify that, on this 18th day of February, 2019, a true and correct copy of the foregoing Notice to State Court of Filing Notice of Removal to United States District Court was served via U.S. Mail, postage prepaid on Plaintiff at the following address:

> Robert D. Kline, J.D.
> 2256 Fairview Road
> McClure, PA 17841

Cory E. Ridenour